| **United States Bankruptcy Court**<br>**District of Oregon** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Harms, Jason R** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Harms, Michelle R** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**AKA Jason Ray Harms; FDBA Medford Nutrition, LLC;**<br>**FDBA Harms Nutrition, LLC** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**AKA Michelle Rae Harms; FDBA Medford Nutrition LLC;**<br>**FDBA Harms Nutrition, LLC** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**xxx-xx-7513** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-6314** |
| Street Address of Debtor (No. and Street, City, and State):<br>**1993 Elkhorn Drive**<br>**Eugene, OR**<br>ZIP Code **97408** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**1993 Elkhorn Drive**<br>**Eugene, OR**<br>ZIP Code **97408** |
| County of Residence or of the Principal Place of Business:<br>**Lane** | County of Residence or of the Principal Place of Business:<br>**Lane** |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

| Type of Debtor<br>(Form of Organization) (Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11    ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 12       of a Foreign Main Proceeding<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition<br>             of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors<br><br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box)<br>■ Debts are primarily consumer debts,   ☐ Debts are primarily<br>defined in 11 U.S.C. § 101(8) as      business debts.<br>"incurred by an individual primarily for<br>a personal, family, or household purpose." |
|---|---|---|

| Filing Fee (Check one box)<br><br>■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Chapter 11 Debtors<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

| # Voluntary Petition<br><br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Harms, Jason R**<br>**Harms, Michelle R** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>**X** _/s/ Thomas A. Huntsberger_        **November 12, 2015**<br>Signature of Attorney for Debtor(s)        (Date)<br>**Thomas A. Huntsberger #761804** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)


_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

# Voluntary Petition

*(This page must be completed and filed in every case)*

**Name of Debtor(s):**
**Harms, Jason R**
**Harms, Michelle R**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Jason R Harms**
Signature of Debtor **Jason R Harms**

X **/s/ Michelle R Harms**
Signature of Joint Debtor **Michelle R Harms**

Telephone Number (If not represented by attorney)

**November 12, 2015**
Date

### Signature of Attorney*

X **/s/ Thomas A. Huntsberger**
Signature of Attorney for Debtor(s)

**Thomas A. Huntsberger #761804**
Printed Name of Attorney for Debtor(s)

**Thomas A Huntsberger, P.C.**
Firm Name

**870 W. Centennial Blvd.**
**Springfield, OR 97477-5298**

Address

                 **Email: tom@tahpc.com**
**(541) 746-6574  Fax: (541) 746-3201**
Telephone Number

**November 12, 2015**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrtpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

# United States Bankruptcy Court
## District of Oregon

In re    **Jason R Harms**
       **Michelle R Harms**

Debtor(s)

Case No. _____

Chapter    **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Jason R Harms**
                             **Jason R Harms**

Date:    **November 12, 2015**

Certificate Number: 01267-OR-CC-025915157



01267-OR-CC-025915157

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>July 21, 2015</u>, at <u>7:12</u> o'clock <u>PM CDT</u>, <u>Jason R Harms</u> received from <u>Money Management International, Inc.</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>District of Oregon</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet and telephone</u>.

Date:   <u>July 21, 2015</u>                 By:   <u>/s/Stephanie Rangel-Lara</u>

                                         Name:  <u>Stephanie Rangel-Lara</u>

                                         Title:  <u>Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

# United States Bankruptcy Court
## District of Oregon

In re   **Jason R Harms**
      **Michelle R Harms**

Debtor(s)

Case No. _____

Chapter   **7** _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

      ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

      ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

      ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Michelle R Harms**
                           **Michelle R Harms**

Date:   **November 12, 2015**

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                          Best Case Bankruptcy

Certificate Number: 01267-OR-CC-025915170



01267-OR-CC-025915170

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>July 21, 2015</u>, at <u>7:14</u> o'clock <u>PM CDT</u>, <u>Michelle R Harms</u> received from <u>Money Management International, Inc.</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>District of Oregon</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet and telephone</u>.

Date: <u>July 21, 2015</u>                By: <u>/s/Stephanie Rangel-Lara</u>

Name: <u>Stephanie Rangel-Lara</u>

Title: <u>Counselor</u>

\* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

# United States Bankruptcy Court
## District of Oregon

In re    **Jason R Harms**      **Michelle R Harms**

Case No. _____

Debtor(s)      Chapter   **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **\*5,000.00** |
| Prior to the filing of this statement I have received | $ | **4,456.25** |
| Balance Due | $ | **543.75** |

2.   The source of the compensation paid to me was:

     ☑ Debtor      ☐ Other (specify):

3.   The source of compensation to be paid to me is:

     ☑ Debtor      ☐ Other (specify):

4.   ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d.   [Other provisions as needed]
          **\*Fees are estimated and are billed at the rate of $300.00 per hour for legal services and $125 per hour for para-legal services. Fees include pre-petition services rendered in connection with transfer of debtors nutrition stores owned by Harms Nutrition LLC and Medford Nutrition, LLC.**

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
     **Any additional work relating to litigation involving non-dischargeability matters, sales of property, preferences, preservation of property, exemption rights, Section 707 challenges by the U.S. Trustee, or other non-routine matters.**

---

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    November 12, 2015           /s/ Thomas A. Huntsberger
                                            **Thomas A. Huntsberger #761804**
                                            **Thomas A Huntsberger, P.C.**
                                            **870 W. Centennial Blvd.**
                                            **Springfield, OR 97477-5298**
                                            **(541) 746-6574  Fax: (541) 746-3201**
                                            **tom@tahpc.com**

| | |
|---|---|
| In re | ) Case No. _____ (If Known) |
| **Jason R Harms** | ) |
| **Michelle R Harms** | ) CHAPTER 7 INDIVIDUAL DEBTOR'S* |
| | ) STATEMENT OF INTENTION(S) |
| Debtor(s) | ) PER 11 U.S.C. §521(a) |

**\*IMPORTANT NOTICES TO <u>DEBTOR(S)</u>:**

(1) SIGN AND FILE this form <u>even if</u> you show "NONE," **<u>AND</u>**, if creditors are listed, **have the service certificate COMPLETED**; **<u>AND</u>**

(2) **Failure to perform** the intentions as to property stated below within 30 days after the first date set for the Meeting of Creditors under 11 U.S.C. §341(a) may result in relief for the creditor from the Automatic Stay protecting such property.

**PART A -** Debts secured by property of the estate. (Part A must be FULLY COMPLETED for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)

---

Property No. 1

| **Creditor's Name:**<br>**NorthStar Mortgage, LLC** | **Describe Property Securing Debt:**<br>**Vendor's interest in house and real property located at 14819 Queens Drive, Omaha, NE and more particularly described as: Lot 80, Westin Hills, a subdivision, as surveyed, platted, and recorded in Douglas County, NE. Sold on contract to Jo** |
|---|---|

Property will be (check one): ☐ SURRENDERED   ■ RETAINED

If retaining the property, I intend to (check at least one):
☐ Redeem the property
■ Reaffirm the debt
☐ Other. Explain (for example, avoid lien using 11 USC §522(f)_____

Property is (check one): ■ CLAIMED AS EXEMPT   ☐ NOT CLAIMED AS EXEMPT

---

Property No. 2

| **Creditor's Name:**<br>**US Bank** | **Describe Property Securing Debt:**<br>**Vendor's interest in house and real property located at 14819 Queens Drive, Omaha, NE and more particularly described as: Lot 80, Westin Hills, a subdivision, as surveyed, platted, and recorded in Douglas County, NE. Sold on contract to Jo** |
|---|---|

Property will be (check one): ☐ SURRENDERED   ■ RETAINED

If retaining the property, I intend to (check at least one):
☐ Redeem the property
■ Reaffirm the debt
☐ Other. Explain (for example, avoid lien using 11 USC §522(f)_____

Property is (check one): ■ CLAIMED AS EXEMPT   ☐ NOT CLAIMED AS EXEMPT

---

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                 Best Case Bankruptcy

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**Wells Fargo Home Mortgage** | **Describe Property Securing Debt:**<br>**House and real property located at 1993 Elkhorn Drive, Eugene, OR 97408 and more particularly described as: Lot 27, LAKERIDGE, as platted and recorded in File 73, Slide 631, Lane County Oregon Plat Records, in Lane County, Oregon.** |

Property will be (check one): ☐ SURRENDERED ☑ RETAINED

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☑ Reaffirm the debt
☐ Other.  Explain (for example, avoid lien using 11 USC §522(f)_____

Property is (check one): ☑ CLAIMED AS EXEMPT ☐ NOT CLAIMED AS EXEMPT

**PART B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>-NONE- | **Describe Leased Property:** | Lease will be assumed pursuant to 11 USC §365(p)(2)<br>☐ YES  ☐ NO |

| | |
|---|---|
| *I DECLARE UNDER PENALTY OF PERJURY THAT* THE ABOVE INDICATES INTENTION AS TO ANY PROPERTY OF MY ESTATE SECURING A DEBT AND/OR PERSONAL PROPERTY SUBJECT TO AN UNEXPIRED LEASE. | *I/WE, THE UNDERSIGNED, CERTIFY THAT COPIES OF* BOTH *THIS DOCUMENT* AND *LOCAL FORM #715 WERE SERVED ON* ANY CREDITOR NAMED ABOVE. |
| DATE:  **November 12, 2015** | DATE:  **November 12, 2015** |
| **/s/ Jason R Harms** | **/s/ Thomas A. Huntsberger**          **#761804** |
| DEBTOR'S SIGNATURE | DEBTOR OR ATTORNEY'S SIGNATURE       OSB# (if attorney) |
| **/s/ Michelle R Harms** | |
| JOINT DEBTOR'S SIGNATURE (If applicable) | JOINT DEBTOR'S SIGNATURE (If applicable and no attorney) |
| | **Thomas A. Huntsberger #761804    (541) 746-6574** |
| | PRINT OR TYPE SIGNER'S NAME & PHONE NO. |
| | **870 W. Centennial Blvd.**<br>**Springfield, OR 97477-5298** |
| | SIGNER'S ADDRESS (if attorney) |

## NON-JUDICIAL REMEDY WHEN CONSUMER DEBTOR FAILS TO TIMELY PERFORM STATED INTENTIONS

Creditors, see Local Form #715 [attached if this document was served on paper] if you wish information on how to obtain NON-JUDICIAL relief from the automatic stay of 11 U.S.C. §362(a) as to your collateral.

## QUESTIONS????
**Call an attorney with questions about these procedures or the law.  However, only call the debtor's attorney if you have questions about the debtor's intent as to your collateral.**

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                      Best Case Bankruptcy

Case 15-63814-tmr7    Doc 1    Filed 11/12/15

**PROCEDURES CREATED BY THE BANKRUPTCY COURT CONCERNING REQUESTS FOR NON-JUDICIAL RELIEF FROM THE AUTOMATIC STAY AS TO SECURED COLLATERAL IN CHAPTER 7 CASES**

If you are interested in expediting relief from the automatic stay of 11 U.S.C. §362(a) as to property in which you hold a security interest, **YOU MUST FURNISH** the trustee a statement of the balance due and estimated property value. **ALSO ATTACH** a copy of your security agreement and other documents required for perfection (e.g., if the security is an automobile, a copy of the certificate of title showing your security interest). **YOU MUST ALSO ATTACH** a completely filled out (except for signatures) copy of LBF #750.

**DO <u>NOT</u> FILE THE REQUEST NOR ANY COPIES THEREOF WITH THE COURT! ALSO, YOU ARE <u>NOT</u> REQUIRED TO FILE THE COMPLETED LBF #750 WITH THE COURT TO MAKE THIS RELIEF EFFECTIVE!**

Under §522(f) of the Bankruptcy Code the debtor may request a judicial lien or a non-possessory, non purchase-money security interest on certain exempt property be voided to the extent the exemption is impaired by the lien or security interest. Under §722 the debtor may request the court determine the value of certain personal property and permit the debtor to redeem the property from any lien against it by paying that value to the lien holder. Because of these two sections, the consent of both the trustee and debtor is required to permit a repossession or foreclosure without court order.

IF YOUR REQUEST TO RECEIVE NON-JUDICIAL RELIEF FROM STAY WILL BE MADE <u>AT</u> THE MEETING OF CREDITORS (<u>OR</u> IS SERVED <u>WITHIN</u> 15 <u>DAYS</u> <u>PRIOR</u> <u>TO</u> SUCH MEETING and therefore will be considered at the meeting), it must be in writing and contain all the information required in paragraph one. Copies of all documents must be submitted to the debtor and any debtor's attorney prior to that meeting.

IF YOU WISH TO RECEIVE NON-JUDICIAL RELIEF FROM STAY <u>PRIOR</u> <u>TO</u> THE MEETING OF CREDITORS, OR IF YOUR REQUEST IS MADE <u>AFTER</u> THE MEETING OF CREDITORS, IT MUST BE IN WRITING and contain all the information required in paragraph one. If the request includes a signed debtor stipulation, nothing further is required and the trustee may immediately process the request. However if the request does not include a signed debtor stipulation, then it MUST BOTH: (1) certify copies of all documents were simultaneously served on (e.g., mailed to) the debtor and any debtor's attorney, <u>AND</u> (2) clearly set out the following notice:

> "By way of this letter the debtor is informed that the trustee may grant non-judicial relief from the automatic stay as to the property UNLESS THE TRUSTEE IS NOTIFIED IN WRITING WITHIN 15 DAYS AFTER THE SERVICE OF THIS REQUEST THAT THE DEBTOR OBJECTS TO SUCH RELIEF. Such relief shall constitute a termination of the stay provided by 11 U.S.C. §362(a) and will permit this creditor to foreclose his lien or security interest by repossession or as otherwise provided by law."

Objections to non-judicial relief from the automatic stay, unless made at the meeting of creditors, must be in writing, with a copy simultaneously served on the debtor, requesting creditor, trustee, and their respective attorneys of record. The objection must be post-marked by the 15th day after the request was served, and received by the trustee within 20 days, or the trustee may grant the request.

If the trustee receives a timely objection from the debtor, the trustee shall not grant non-judicial relief or consider repetitive requests by the same creditor unless the debtor withdraws such objection in writing.

The trustee will grant non-judicial relief from the automatic stay if the above requirements are met, the debtor either does not timely object or stipulates in writing to such relief, and there appears to be no equity in the property for the benefit of creditors.

Signing of LBF #750 by the trustee, granting non-judicial relief, shall constitute a termination of the stay of an act against such property under 11 U.S.C. §362(a). The trustee, however, shall not be deemed to have abandoned his/her interest in the property, nor have waived any other rights as to the property. Any non-exempt equity in the property remaining after disposition shall be immediately returned to the trustee.

If either the trustee or debtor(s) will not agree to such relief for any reason, you must file a motion for relief from stay under §362(d). Instructions and forms may be obtained from the court's web site at www.orb.uscourts.gov.

<u>IMPORTANT</u>. All requests to the trustee <u>MUST</u> be accompanied by a self-addressed and stamped envelope, or the trustee need not respond.

***SEE REVERSE/ATTACHED***

715 (8/8/08)

.

# United States Bankruptcy Court
## District of Oregon

In re    **Jason R Harms,**
       **Michelle R Harms**

Case No. _____

_____ ,

               Debtors

Chapter _____ **7** _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 489,289.96 | | |
| B - Personal Property | Yes | 5 | 157,871.52 | | |
| C - Property Claimed as Exempt | Yes | 3 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 459,302.68 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 19 | | 433,106.75 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 1,857.82 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 5,085.49 |
| Total Number of Sheets of ALL Schedules | | 37 | | | |
| Total Assets | | | 647,161.48 | | |
| Total Liabilities | | | | 892,409.43 | |

# United States Bankruptcy Court
## District of Oregon

In re    **Jason R Harms,**
        **Michelle R Harms**

Case No. _____

Debtors      ,     Chapter _____ **7** _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | 1,857.82 |
| Average Expenses (from Schedule J, Line 22) | 5,085.49 |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; OR, Form 22C-1 Line 14 ) | 6,111.57 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 433,106.75 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 433,106.75 |

In re   **Jason R Harms,**
        **Michelle R Harms**

Case No. _____

                  Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

    **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

    If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **House and real property located at 1993 Elkhorn Drive, Eugene, OR 97408 and more particularly described as: Lot 27, LAKERIDGE, as platted and recorded in File 73, Slide 631, Lane County Oregon Plat Records, in Lane County, Oregon.** | **Joint tenant** | **J** | **332,933.00** | **309,261.20** |
| **Vendor's interest in house and real property located at 14819 Queens Drive, Omaha, NE and more particularly described as: Lot 80, Westin Hills, a subdivision, as surveyed, platted, and recorded in Douglas County, NE. Sold on contract to John Orr and Arlene Lerch per Land Contract, dated 3/21/2009.** | **Vendor's interest** | **J** | **156,356.96** | **150,041.48** |

| | | |
|---|---|---|
| Sub-Total > | **489,289.96** | (Total of this page) |
| Total > | **489,289.96** | |

  **0**  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

In re    **Jason R Harms,**
        **Michelle R Harms**

Case No. _____

_____,

Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.   Cash on hand | | Cash in possession of debtors at time of filing Petition. | J | 100.00 |
| 2.   Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Joint checking account at Wells Fargo, Coburg Road branch, Eugene, Oregon. Debtors only authorized signer on account. | J | 504.46 |
| | | Savings account at Wells Fargo, Coburg Road branch, Eugene, Oregon. | J | 0.00 |
| | | Checking Account with First National Bank Omaha, Omaha, NE. Debtors are only authorized signers. | J | 1,203.56 |
| | | Business checking and savings accounts #1994 and 8078 for Medford Nutrition, LLC, at Wells Fargo. Debtors only authorized signers on the account. | J | 0.00 |
| | | Business checking and savings accounts #1888 and #2239 for Harms Nutrition, LLC, at Wells Fargo. Debtors only authorized signers on the account. | J | 0.00 |
| | | Savings account at Wells Fargo for minor daughter | J | 0.00 |
| | | Savings account at Wells Fargo for minor daughter | J | 0.00 |
| 3.   Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |

Sub-Total >      **1,808.02**

(Total of this page)

__4__ continuation sheets attached to the Schedule of Personal Property

In re   **Jason R Harms,**

      **Michelle R Harms**

Case No. _____

_____,
Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Dynex TV = $100; Kindle (2) = $100; Sectional (2) = $800; TV = $200; Dining room table and chairs = $300; Lamps = $50; Side table = $50; Receiver = $100;  Storage cabinet = $60; Stereo speakers = $100; Sofa table = $50; Writing desk = $80; Consol table = $80; Lamps (3) = $75; Sound bar = $50; Wall mirror = $50; Barstools (3) = $60; Computer = $200; Printer = $30; Microwave = $30; Baking dishes = $40; Coffeemaker = $20; Dishes = $30; Various pots and pans = $30; Indoor grill and crockpot = $60; Wall pictures (8) = $240;  Kid Dressers (2) = $450; Full size bed with homemade headbord = $50; Kid's dresser, nightstand, headboard with bed = $450;  Barbie dollhouse = $50;  8 X 10 rug = $150; Dresser (2) and night stand = $300; King-size bed with homemade headboard = $200; TV = $200; Lamps (2) = $60;  TV = $300; 4 X 6 rug (2) = $100; Speakers = $150 all located at debtors' residence. | J | 5,445.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Kids books = $150;  DVDs (approx. 120) = $250 all located at debtors' residence | J | 400.00 |
| 6. Wearing apparel. | | Kids clothes = $800; Woman's clothes and shoes = $700.00; Men's clothers and shoes = $700 all located at debtors' residence | J | 2,200.00 |
| 7. Furs and jewelry. | | Wedding band in possession of Joint Debtor. | W | 3,500.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Treadmill = $250; Stationary bike = $150; Free weights = $250; Workout bench = $50;  Kids' guitar (2) = $120; Acoustic guitar = $150; Electric guitar = $400; Guitar amp = $30; Kids' toys and board games = $300;  X-Box and games (6) = $100; Fishing poles = $200;  Golf club sets (2) = $500; Bow = $250;  Box jump = $200 all located at debtors' residence. | J | 2,950.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Term life insurance - Policy No. 15936219 on Jason R. Harms with Northwestern Mutual - no cash surrender value. | H | 0.00 |
| | | Term life insurance - Policy No. 15936258 on Michelle R. Harms with Northwestern Mutual - no cash surrender value. | W | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >      **14,495.00**
(Total of this page)

Sheet  **1**  of  **4**  continuation sheets attached
to the Schedule of Personal Property

In re    **Jason R Harms,**                            Case No. _____

          **Michelle R Harms**

                                          Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | | **Oregon College Savings Plan, Acct #XXXX8892, with minor daughter as beneficiary (Not property of estate)** | **W** | **6,132.53** |
| | | **Oregon College Savings Plan, Acct #XXXX8893, with minor daughter as beneficiary (Not property of estate)** | **W** | **6,166.46** |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Vanguard, Prime Money Mkt Fund (R/O-IRA), Acct #3801** | **H** | **10,385.95** |
| | | **Paychex 401(k) Profit Sharing Plan and Trust, JP Morgan Smartretirement 2040 R2 Plan #XX5005** | **H** | **56,226.01** |
| | | **Paychex 401(k) Profit Sharing Plan and Trust, JP Morgan Smartretirement 2040 R2 Plan #XX5005** | **W** | **56,633.55** |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | **X** | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | **X** | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | **X** | | | |
| 16. Accounts receivable. | **X** | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | **X** | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **Any wages owing co-debtor at time of filing Petition - amount unknown** | **W** | **Unknown** |
| | | **Any wages owing debor at time of filing Petition - amount unnknown** | **H** | **Unknown** |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | **X** | | | |

                                                    Sub-Total >        **135,544.50**
                                             (Total of this page)

Sheet  **2**  of  **4**  continuation sheets attached
to the Schedule of Personal Property

In re   **Jason R Harms,**                                   Case No. _____
        **Michelle R Harms**
_____,
                              Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2005 Dodge Durango located at debtors' residence | W | 3,940.00 |
| | | 2000 Chrysler 300M located at debtors' residence | W | 2,084.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | 1 cat located at debtors' residence | J | 0.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |

                                          Sub-Total >        **6,024.00**
                                     (Total of this page)

Sheet  **3**  of  **4**  continuation sheets attached
to the Schedule of Personal Property

In re   **Jason R Harms,**
      **Michelle R Harms**

Case No. _____

_____ ,
            Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > (Total of this page) | 0.00 |
| Total > | 157,871.52 |

(Report also on Summary of Schedules)

Sheet __4__ of __4__ continuation sheets attached
to the Schedule of Personal Property

Best Case Bankruptcy

In re    **Jason R Harms,**                             Case No. _____

           **Michelle R Harms**

_____ ,
                                   Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:       ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                           $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
■ 11 U.S.C. §522(b)(2)                                          *with respect to cases commenced on or after the date of adjustment.)*
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **House and real property located at 1993 Elkhorn Drive, Eugene, OR 97408 and more particularly described as: Lot 27, LAKERIDGE, as platted and recorded in File 73, Slide 631, Lane County Oregon Plat Records, in Lane County, Oregon.** | **11 U.S.C. § 522(d)(1)** | **23,671.80** | **332,933.00** |
| **Vendor's interest in house and real property located at 14819 Queens Drive, Omaha, NE and more particularly described as: Lot 80, Westin Hills, a subdivision, as surveyed, platted, and recorded in Douglas County, NE. Sold on contract to John Orr and Arlene Lerch per Land Contract, dated 3/21/2009.** | **11 U.S.C. § 522(d)(5)** | **6,315.48** | **156,356.96** |
| **Cash on Hand** | | | |
| **Cash in possession of debtors at time of filing Petition.** | **11 U.S.C. § 522(d)(5)** | **100.00** | **100.00** |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Joint checking account at Wells Fargo, Coburg Road branch, Eugene, Oregon. Debtors only authorized signer on account.** | **11 U.S.C. § 522(d)(5)** | **504.46** | **504.46** |
| **Checking Account with First National Bank Omaha, Omaha, NE. Debtors are only authorized signers.** | **11 U.S.C. § 522(d)(5)** | **1,203.56** | **1,203.56** |
| **Savings account at Wells Fargo for minor daughter** | **11 U.S.C. § 522(d)(5)** | **0.00** | **0.00** |
| **Savings account at Wells Fargo for minor daughter** | **11 U.S.C. § 522(d)(5)** | **0.00** | **0.00** |

   **2**    continuation sheets attached to Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (4/13) -- Cont.

In re    **Jason R Harms,**
         **Michelle R Harms**
                                                              Debtors

Case No. _____

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Household Goods and Furnishings**<br>Dynex TV = $100; Kindle (2) = $100; Sectional (2) = $800; TV = $200; Dining room table and chairs = $300; Lamps = $50; Side table = $50; Receiver = $100;  Storage cabinet = $60; Stereo speakers = $100; Sofa table = $50; Writing desk = $80; Consol table = $80; Lamps (3) = $75; Sound bar = $50; Wall mirror = $50; Barstools (3) = $60; Computer = $200; Printer = $30; Microwave = $30; Baking dishes = $40; Coffeemaker = $20; Dishes = $30; Various pots and pans = $30; Indoor grill and crockpot = $60; Wall pictures (8) = $240;  Kid Dressers (2) = $450;  Full size bed with homemade headbord = $50;  Kid's dresser, nightstand, headboard with bed = $450;  Barbie dollhouse = $50;  8 X 10 rug = $150; Dresser (2) and night stand = $300; King-size bed with homemade headboard = $200; TV = $200;  Lamps (2) = $60;  TV = $300; 4 X 6 rug (2) = $100; Speakers = $150 all located at debtors' residence. | 11 U.S.C. § 522(d)(3) | 5,445.00 | 5,445.00 |
| **Books, Pictures and Other Art Objects; Collectibles**<br>Kids books = $150;  DVDs (approx. 120) = $250 all located at debtors' residence | 11 U.S.C. § 522(d)(3) | 400.00 | 400.00 |
| **Wearing Apparel**<br>Kids clothes = $800; Woman's clothes and shoes = $700.00; Men's clothers and shoes = $700 all located at debtors' residence | 11 U.S.C. § 522(d)(3) | 2,200.00 | 2,200.00 |
| **Furs and Jewelry**<br>Wedding band in possession of Joint Debtor. | 11 U.S.C. § 522(d)(4)<br>11 U.S.C. § 522(d)(5) | 3,100.00<br>400.00 | 3,500.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment**<br>Treadmill = $250; Stationary bike = $150; Free weights = $250; Workout bench = $50;  Kids' guitar (2) = $120; Acoustic guitar = $150; Electric guitar = $400; Guitar amp = $30; Kids' toys and board games = $300;  X-Box and games (6) = $100; Fishing poles = $200;  Golf club sets (2) = $500; Bow = $250;  Box jump = $200 all located at debtors' residence. | 11 U.S.C. § 522(d)(5) | 2,950.00 | 2,950.00 |
| **Interests in an Education IRA or under a Qualified State Tuition Plan**<br>Oregon College Savings Plan, Acct #XXXX8892, with minor daughter as beneficiary (Not property of estate) | 11 U.S.C. § 522(d)(5) | 6,132.53 | 6,132.53 |
| Oregon College Savings Plan, Acct #XXXX8893, with minor daughter as beneficiary (Not property of estate) | 11 U.S.C. § 522(d)(5) | 6,166.46 | 6,166.46 |

Sheet __1__ of __2__ continuation sheets attached to the Schedule of Property Claimed as Exempt

In re    **Jason R Harms,**
           **Michelle R Harms**

Case No. _____

                     Debtors,

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **Vanguard, Prime Money Mkt Fund (R/O-IRA), Acct #3801** | **11 U.S.C. § 522(d)(12)** | **10,385.95** | **10,385.95** |
| **Paychex 401(k) Profit Sharing Plan and Trust, JP Morgan Smartretirement 2040 R2 Plan #XX5005** | **11 U.S.C. § 522(d)(12)** | **56,226.01** | **56,226.01** |
| **Paychex 401(k) Profit Sharing Plan and Trust, JP Morgan Smartretirement 2040 R2 Plan #XX5005** | **11 U.S.C. § 522(d)(12)** | **56,633.55** | **56,633.55** |
| **Other Liquidated Debts Owing Debtor Including Tax Refund** | | | |
| **Any wages owing co-debtor at time of filing Petition - amount unknown** | **11 U.S.C. § 522(d)(5)** | **0.00** | **Unknown** |
| **Any wages owing debor at time of filing Petition - amount unnknown** | **11 U.S.C. § 522(d)(5)** | **0.00** | **Unknown** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2005 Dodge Durango located at debtors' residence** | **11 U.S.C. § 522(d)(2)** <br> **11 U.S.C. § 522(d)(5)** | **3,675.00** <br> **265.00** | **3,940.00** |
| **2000 Chrysler 300M located at debtors' residence** | **11 U.S.C. § 522(d)(2)** | **2,084.00** | **2,084.00** |

| | Total: | **187,858.80** | **647,161.48** |
|---|---|---|---|

Sheet   **2**   of   **2**   continuation sheets attached to the Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re **Jason R Harms,**
    **Michelle R Harms**

Case No. _____

_____,
Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx2912** <br><br> **NorthStar Mortgage, LLC** <br> **PO Box 619063** <br> **Dallas, TX 75261** | | H | **8/2006** <br> **Second Mortgage** <br> **Vendor's interest in house and real property located at 14819 Queens Drive, Omaha, NE and more particularly described as: Lot 80, Westin Hills, a subdivision, as surveyed, platted, and recorded in Douglas County, NE. Sold** | | | | | |
| | | | Value $        **156,356.96** | | | | **28,628.48** | **0.00** |
| Account No. **xxxxxx9020** <br><br> **US Bank** <br> **PO Box 790415** <br> **Saint Louis, MO 63179** | | H | **8/2006** <br> **First Mortgage** <br> **Vendor's interest in house and real property located at 14819 Queens Drive, Omaha, NE and more particularly described as: Lot 80, Westin Hills, a subdivision, as surveyed, platted, and recorded in Douglas County, NE. Sold** | | | | | |
| | | | Value $        **156,356.96** | | | | **121,413.00** | **0.00** |
| Account No. <br><br> **Wells Fargo Home Mortgage** <br> **PO Box 14411** <br> **Des Moines, IA 50306** | | J | **House and real property located at 1993 Elkhorn Drive, Eugene, OR 97408 and more particularly described as: Lot 27, LAKERIDGE, as platted and recorded in File 73, Slide 631, Lane County Oregon Plat Records, in Lane County, Oregon.** | | | | | |
| | | | Value $        **332,933.00** | | | | **309,261.20** | **0.00** |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

**0** continuation sheets attached

| | | |
|---|---|---|
| Subtotal <br> (Total of this page) | **459,302.68** | **0.00** |
| Total <br> (Report on Summary of Schedules) | **459,302.68** | **0.00** |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

.

In re   **Jason R Harms,**
        **Michelle R Harms**

Case No. _____

                                    **Debtors**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

__1__    continuation sheets attached

In re **Jason R Harms,**
     **Michelle R Harms**

Case No. _____

_____,
Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts**
**Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | Notice purposes only | | | | | |
| **Internal Revenue Service Centralized Insolvency Operations POB 21126 Philadelphia, PA 19114-0326** | | J | | | | | 0.00 | 0.00 |
| Account No. | | | Representing Internal Revenue Service | | | | | |
| **U.S. Attorney 1000 SW 3rd Avenue, #600 Portland, OR 97204** | | | | | | | Notice Only | |
| Account No. | | | Representing Internal Revenue Service | | | | | |
| **U.S. Attorney General Department of Justice 10th and Constitution NW Washington, DC 20530** | | | | | | | Notice Only | |
| Account No. | | | Notice purposes only | | | | | |
| **ODR - Oregon Dept. of Revenue Bankruptcy Unit Collections 955 Center Street, NE, #353 Salem, OR 97310-2555** | | J | | | | | 0.00 | 0.00 |
| Account No. | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Total of this page) | 0.00 | 0.00 |
|---|---|---|---|
| | | 0.00 | |
| | Total (Report on Summary of Schedules) | 0.00 | 0.00 |
| | | 0.00 | |

Case 15-63814-tmr7     Doc 1     Filed 11/12/15

In re    **Jason R Harms,**                                 Case No. _____

            **Michelle R Harms**

                                           Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **x-x1002**<br><br>**Amercian Express**<br>**PO Box 650448**<br>**Dallas, TX 75265-0448** | | H | 7/2015<br><br>**Harms Nutrition LLC, - business goods and services** | | | | **15,073.77** |
| Account No. **xxxxxxxxxxxx6156**<br><br>**ATS Labs**<br>**2123 Cypress Creek Pkwy West #888**<br>**Houston, TX 77090** | | J | **Business debt of Harms Nutrition LLC and/or Medford Nutrition LLC** | | | | **Unknown** |
| Account No. **xxxxx0000**<br><br>**Avista**<br>**1411 E. Mission Avenue**<br>**Spokane, WA 99252** | | J | 7/2015<br><br>**Business goods and services  Complete Nutrition** | | | | **80.22** |
| Account No. **Medford Nutrition**<br><br>**Bear Creek Ventures LLC**<br>**36 Country Lane**<br>**Rolling Hills Estates, CA 90274** | | J | 7/2015<br><br>**Business lease Medford Nutrition LLC** | | | | **39,750.10** |

__18__ continuation sheets attached

                                                 Subtotal      | **54,904.09**
(Total of this page)

Case 15-63814-tmr7    Doc 1    Filed 11/12/15

In re   **Jason R Harms,**                                     Case No. _____
        **Michelle R Harms**

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Representing | | | | |
| **Troy G. Sexton** **Motschenbacher & Blattner LLP** **117 SW Taylor Street, Suite 200** **Portland, OR 97204** | | | **Bear Creek Ventures LLC** | | | | **Notice Only** |
| Account No. **Unknown** | | | Business debt of Medford Nutrition LLC | | | | |
| **Bend Broadband** **63090 Sherman Road** **Bend, OR 97701** | | J | | | | | **Unknown** |
| Account No. **xx8456** | | | 7/2015 | | | | |
| **Bend Heating & Sheetmetal, Inc.** **61540 American Lane** **PO Box 5727** **Bend, OR 97708** | | J | **Complete Nutrition LLC - business goods and services** | | | | **716.00** |
| Account No. | | | Business debt of Complete Nutrition, Medford Nutrition LLC (Bend) | | | | |
| **Bend Radio Group** **345 SW Cyber Drive, #101-103** **Bend, OR 97702** | | J | | | | | **5,148.11** |
| Account No. **78-84525** | | | Representing | | | | |
| **Kathryn Ramsbottom** **Silverstone, Taylor & Klein** **802 Lovell Road** **Knoxville, TN 37932** | | | **Bend Radio Group** | | | | **Notice Only** |

Sheet no. \_\_**1**\_\_ of \_\_**18**\_\_ sheets attached to Schedule of                   Subtotal
Creditors Holding Unsecured Nonpriority Claims                        (Total of this page)             **5,864.11**

In re **Jason R Harms,**                               Case No. _____
       **Michelle R Harms**

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xx1638** <br><br> **Benton County Tax Collector** <br> **PO Box 964** <br> **Corvallis, OR 97339** | | J | **2014** <br><br> **Business personal property taxes Harms Nutrition LLC** | | | | **462.12** |
| Account No. <br><br> **Bicoastal Media** <br> **3624 Avion Drive** <br> **Medford, OR 97504** | | J | **Precautionary notice - business debt of Complete Nutrition, Medford Nutrition LLC** | | | | **Unknown** |
| Account No. <br><br> **Bicoastal Media** <br> **1500 Valley Drive Drive, Suite 350** <br> **Eugene, OR 97401** | | J | **Business debt of  Complete Nutrition, Harms Nutrition LLC (Eugene)** | | | | **3,901.00** |
| Account No. <br><br> **Bicoastal Media** <br> **1500 Valley Drive Drive, Suite 350** <br> **Eugene, OR 97401** | | J | **Business debt of  Complete Nutrition, Harms Nutrition LLC (Corvallis)** | | | | **4,237.00** |
| Account No. **2213** <br><br> **Big O Marketing** <br> **4015 N 150th Street** <br> **Omaha, NE 68116** | | J | **6/2015** <br><br> **Business goods and services Complete Nutrition** | | | | **84.81** |

Sheet no. __**2**__ of __**18**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal                     **8,684.93**
(Total of this page)

In re  **Jason R Harms,**
      **Michelle R Harms**

Case No. _____

_____,
                              Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx1231**<br><br>**Cascade Natural Gas<br>PO Box 990065<br>Boise, ID 83799-0065** | | J | **Business utility expenses/debt of Medford Nutrition, LLC** | | | | **13.12** |
| Account No. **Unknown**<br><br>**Charter Communications<br>765 S. Riverside Avenue<br>Medford, OR 97501** | | J | **Business debt of Harms Nutrition LLC and/or Medford Nutrition LLC** | | | | **Unknown** |
| Account No.<br><br>**Charter Media - West<br>PO Box 957926<br>Saint Louis, MO 63195-7926** | | J | **Business debt of Complete Nutrition, Medford Nutrition, LLC (Medford)** | | | | **Unknown** |
| Account No. **xxxxxxx1727**<br><br>**Chase Card<br>PO Box 15298<br>Wilmington, DE 19850** | | W | 1/2006<br><br>**Precautionary notice only** | | | | **0.00** |
| Account No. **xxxxxxx7736**<br><br>**Chase Card<br>PO Box 15298<br>Wilmington, DE 19850** | | H | 5/2008<br><br>**Precautionary notice only** | | | | **0.00** |

Sheet no. __**3**__ of __**18**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**13.12**

Case 15-63814-tmr7   Doc 1   Filed 11/12/15

In re **Jason R Harms,**  
    **Michelle R Harms**

Case No. _____

_____,  
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. <br><br> **Chexsystems/Consumer Relations** <br> **7805 Hudson Road, Suite 100** <br> **Woodbury, MN 55125** | J | | | | NOTICE PURPOSES ONLY - credit reporting agency | | | | 0.00 |
| Account No. **xxxxxx-xx8220** <br><br> **City of Bend Utilities** <br> **PO Box 1024** <br> **Bend, OR 97709** | J | | | | 7/2015 <br><br> Business debt/utilities Medford Nutrition LLC | | | | 153.44 |
| Account No. **xxxxx/xx7477** <br><br> **City of Corvallis** <br> **PO Box 1083** <br> **Corvallis, OR 97339-1083** | J | | | | 7/2015 <br><br> Business goods and services Complete Nutrition | | | | 20.00 |
| Account No. <br><br> **Coburg Station LLC** <br> **1290 Howard Avenue, Suite 309** <br> **Burlingame, CA 94010** | J | | | | Lease regarding Harms Nutrition LLC located at 440 Coburg Road, Suite 106, Eugene, OR | | | | 1,500.00 |
| Account No. <br><br> **Combined Communications** <br> **PO Box 5037** <br> **Bend, OR 97708** | J | | | | Business debt of Complete Nutrition, Medford Nutrition LLC (Bend) | | | | 2,792.25 |

Sheet no. \_\_**4**\_\_\_ of \_\_**18**\_\_\_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal  
(Total of this page)

**4,465.69**

Case 15-63814-tmr7   Doc 1   Filed 11/12/15

In re    **Jason R Harms,**                          Case No. _____
            **Michelle R Harms**

_____,
                                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xx-xxx-xxx7666**<br><br>**Comcast**<br>**PO Box 34744**<br>**Seattle, WA 98124** | | J | **Business debt of Harms Nutrition, LLC located in Eugene, Oregon** | | | | **300.00** |
| Account No.<br><br>**Comcast**<br>**PO Box 34744**<br>**Seattle, WA 98124** | | J | **Business debt of Harms Nutrition, LLC located in Corvallis, Oregon** | | | | **Unknown** |
| Account No.<br><br>**Complete Marketing**<br>**9140 West Dodge Road, #230**<br>**Omaha, NE 68114** | | J | **Business debt - marketing** | | | | **Unknown** |
| Account No. **6009, 6081, 6121, 6156**<br><br>**Complete Nutrition, Inc.**<br>**17220 Wright Street, Suite 200**<br>**Omaha, NE 68130** | | J | **Notice only** | | | | **0.00** |
| Account No. **6009, 6081, 6121, 6156**<br><br>**Complete Nutrition, Inc.**<br>**17220 Wright Street, Suite 200**<br>**Omaha, NE 68130** | | J | **Business debt - royalites marketing** | | | | **Unknown** |

Sheet no. __**5**__ of __**18**__ sheets attached to Schedule of                Subtotal
Creditors Holding Unsecured Nonpriority Claims               (Total of this page)           **300.00**

In re   **Jason R Harms,**
       **Michelle R Harms**                                    Case No. _____

                                                  Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **x1879** <br><br> **Dennis M. Dunne, DDS, PC** <br> **1600 Executive Pkwy #350** <br> **Eugene, OR 97401** | | W | 6/2013 <br><br> **Dental services** | | | | 1,170.03 |
| Account No. **xx8273** <br><br> **Deschutes County Tax Collector** <br> **Deschutes Services Bldg.** <br> **PO Box 7599** <br> **Bend, OR 97708** | | J | 2014 <br><br> **Business personal property taxes Medford Nutrition LLC, Complete Nutrition** | | | | 834.85 |
| Account No. <br><br> **Equifax** <br> **PO Box 740241** <br> **Atlanta, GA 30374-0241** | | J | **NOTICE PURPOSES ONLY - credit reporting agency** | | | | 0.00 |
| Account No. **xxxxxx-xx8068** <br><br> **Eugene Water & Electric Board** <br> **500 East 4th** <br> **PO Box 10148** <br> **Eugene, OR 97440** | | J | 7/2015 <br><br> **Business utility service Harms Nutrition, LLC** | | | | 445.68 |
| Account No. <br><br> **Experian** <br> **PO Box 9701** <br> **Allen, TX 75013** | | J | **NOTICE PURPOSES ONLY - credit reporting agency** | | | | 0.00 |

Sheet no. __6___ of __18___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

                                     Subtotal <br> (Total of this page)         2,450.56

Case 15-63814-tmr7   Doc 1   Filed 11/12/15

In re **Jason R Harms,**　　　　　　　　　　　　　　　　　　　Case No. _____
　　　　**Michelle R Harms**
_____ ,
　　　　　　　　　　　　　　　　Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxxxx-xxx-0001** | | | Business debt - workers' compensation insurance | | | | |
| **Farmers Insurance PO Box 4665 Carol Stream, IL 60197** | | J | | | | | **Unknown** |
| Account No. **xxxxx5429; xxxxx8261** | | | 9/14/15 Consumer goods and services | | | | |
| **Farmers Life Insurance 3003 77th Avenue SE Mercer Island, WA 98040** | | J | | | | | **98.70** |
| Account No. **xxxxx7574** | | | Line of credit | | | | |
| **First National Bank Omaha 1620 Dodge Street Omaha, NE 68197** | | J | | | | | **6,798.20** |
| Account No. **3021830** | | | 10/14/11 Business loan  Medford Nutrition LLC dba Complete Nutrition small business [Guaranteed by SBA] | | | | |
| **First Savings Bank 3540 South 84th Street Omaha, NE 68124** | | J | | | | | **79,643.06** |
| Account No. **3021830** | | | Representing First Savings Bank | | | | |
| **Andrew R. Biehl Walentine O'Toole McQuillan & Gordon PO Box 540125 Omaha, NE 68154** | | | | | | | **Notice Only** |

Sheet no. __7__ of __18__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

　　　　　　　　　　　　　　　Subtotal
　　　　　　　　　　　　　　　(Total of this page)　　　**86,539.96**

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com　　　　　　　　　Best Case Bankruptcy

In re **Jason R Harms,**
    **Michelle R Harms**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **3021370** <br><br> **First Savings Bank** <br> **3540 South 84th Street** <br> **Omaha, NE 68124** | | J | 3/2011 <br><br> **Business loan Harms Nutrition, LLC dba** <br> **Complete Nutrition [Guaranteed by SBA]** | | | | 75,701.98 |
| Account No. <br><br> **Andrew R. Biehl** <br> **Walentine O'Toole McQuillan & Gordon** <br> **PO Box 540125** <br> **Omaha, NE 68154** | | | Representing <br> First Savings Bank | | | | Notice Only |
| Account No. **3022624** <br><br> **First Savings Bank** <br> **3540 South 84th Street** <br> **Omaha, NE 68124** | | J | 10/2012 <br><br> **Business loan Medford Nutrition LLC dba** <br> **Complete Nutrition [Guaranteed by SBA]** | | | | 100,210.29 |
| Account No. <br><br> **Andrew R. Biehl** <br> **Walentine O'Toole McQuillan & Gordon** <br> **PO Box 540125** <br> **Omaha, NE 68154** | | | Representing <br> First Savings Bank | | | | Notice Only |
| Account No. **5006110** <br><br> **First Savings Bank** <br> **Business Checking Account** <br> **5800 S Western Avenue** <br> **Sioux Falls, SD 57108** | | J | **Business debt - bank overdraft fees/charges** <br> **Medford Nutrition LLC** | | | | 306.00 |

Sheet no. **8** of **18** sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) **176,218.27**

Case 15-63814-tmr7   Doc 1   Filed 11/12/15

In re   **Jason R Harms,**
       **Michelle R Harms**                                                 Case No. _____

                                                 **Debtors**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxx7839**<br><br>**Complete Payment Recovery Services, Inc.**<br>**3500 5th Street**<br>**Northport, AL 35476** | | | Representing<br>**First Savings Bank** | | | | **Notice Only** |
| Account No. **5006600**<br><br>**First Savings Bank**<br>**Business Checking Account**<br>**5800 S Western Avenue**<br>**Sioux Falls, SD 57108** | | J | **Business debt - banking overdraft fee/charges**<br>**Medford Nutrition LLC** | | | | **442.46** |
| Account No. **286537820**<br><br>**Complete Payment Recovery Services, Inc.**<br>**PO Box 30184**<br>**Tampa, FL 33630** | | | Representing<br>**First Savings Bank** | | | | **Notice Only** |
| Account No. **5005800; 5004460**<br><br>**First Savings Bank**<br>**Business Checking Account**<br>**5800 S Western Avenue**<br>**Sioux Falls, SD 57108** | | J | **Precautionary notice** | | | | **Unknown** |
| Account No. **xxxxxxxxxxxxxxx**<br><br>**GECRB/Dicks DC**<br>**PO Box 965005**<br>**Orlando, FL 32896** | | H | 5/20013<br><br>**Precautionary notice only** | | | | **0.00** |

Sheet no. __**9**__ of __**18**__ sheets attached to Schedule of                     Subtotal
Creditors Holding Unsecured Nonpriority Claims                             (Total of this page)      **442.46**

Case 15-63814-tmr7    Doc 1    Filed 11/12/15

In re **Jason R Harms,**
    **Michelle R Harms**

Case No. _____

                                                                    ,
                              Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxx9630**<br><br>**General Credit Service, Inc.**<br>**PO Box 8**<br>**Medford, OR 97501-0201** | | J | **2015**<br><br>**Collection for Pacific Power - Medford Complete Nutrition, LLC - business utility expense** | | | | 249.57 |
| Account No. **1016**<br><br>**Greystar**<br>**7601 W Clearwater Avenue, #401**<br>**Kennewick, WA 99336** | | J | **10/2015**<br><br>**Business debt/expense** | | | | 3,471.19 |
| Account No. **6009; 6081**<br><br>**Health & Beauty Wholesale**<br>**3506 N. El Paso Street, #1/2**<br>**Colorado Springs, CO 80907** | | J | **5/2015**<br><br>**Business goods and services  Complete Nutrition** | | | | 628.35 |
| Account No. **xxxxxxxx12-01**<br><br>**Hull & Company, Inc.**<br>**Raleigh W. Executive Building #350**<br>**6443 SW Beaverton-Hillsdale Hwy**<br>**Portland, OR 97221** | | J | **Buiness debt regarding Medford Nutrition LLC** | | | | Unknown |
| Account No. **xxxxxxxx76-01**<br><br>**Hull & Company, Inc.**<br>**Raleigh W. Executive Building #350**<br>**6443 SW Beaverton-Hillsdale Hwy**<br>**Portland, OR 97221** | | J | **Buiness debt regarding Harms Nutrition LLC** | | | | Unknown |

Sheet no. __10__ of __18__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

| 4,349.11 |
|---|

In re   **Jason R Harms,**                                     Case No. _____
          **Michelle R Harms**
                                             ,
                                   Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**Idaho Parr Corvallis LLC** <br>**5630 NW Century Blvd** <br>**Hillsboro, OR 97124** | | J | Lease regarding Harms Nutrition LLC located at 1705 NW 9th Street, Corvallis, Oregon | | | | 8,787.50 |
| Account No. **xxx3756** <br><br>**InCorp Services, Inc.** <br>**PO Box 94438** <br>**Las Vegas, NV 89193** | | J | 7/2015 <br><br>Business goods and services Medford Nutrition LLC | | | | 104.00 |
| Account No. **xxxxxxxxxxxxxxx** <br><br>**ISL/Private** <br>**6805 Vista Drive** <br>**West Des Moines, IA 50266** | | H | 5/1998 <br><br>Precaution notice only | | | | 0.00 |
| Account No. **xxxx7823** <br><br>**Jackson County Tax Collector** <br>**PO Box 1569** <br>**Medford, OR 97501** | | J | 2014 <br><br>Business personal property tax Complete Nutrition dba Medford Nutrition LLC | | | | 970.30 |
| Account No. <br><br>**KDRV** <br>**PO Box 7009** <br>**Springfield, OR 97475** | | J | Business debt of Complete Nutrition, Medford Nutrition, LLC (Medford) | | | | Unknown |

Sheet no. __11__ of __18__ sheets attached to Schedule of                       Subtotal
Creditors Holding Unsecured Nonpriority Claims                                (Total of this page)        **9,861.80**

In re **Jason R Harms,**    Case No. _____
      **Michelle R Harms**

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **Unknown**<br><br>**KDRV-TV**<br>**PO Box 4220**<br>**Medford, OR 97501** | | J | | business expense | | | | 0.00 |
| Account No.<br><br>**KEZI**<br>**PO Box 7009**<br>**Springfield, OR 97475** | | J | | Business expenses | | | | 0.00 |
| Account No. **2903**<br><br>**KMGE/KKNU**<br>**c/o Mckenzie River Broadcasting**<br>**925 Country Club Road, Suite 200**<br>**Eugene, OR 97401** | | J | | Business debt of Complete Nutrition, Harms Nutrition LLC (Eugene) | | | | 6,167.60 |
| Account No. **539238-7**<br><br>**VeriCore**<br>**10115 Kincey Avenue, Suite 100**<br>**Huntersville, NC 28078** | | | | Representing<br>KMGE/KKNU | | | | Notice Only |
| Account No.<br><br>**KTVZ News Channel 21**<br>**NPG of Oregon, Inc.**<br>**PO Box 873808**<br>**Kansas City, MO 64187** | | J | | Business debt of Complete Nutrition, Medford Nutrition LLC (Bend) | | | | 2,160.00 |

Sheet no. **12** of **18** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)      **8,327.60**

Case 15-63814-tmr7    Doc 1    Filed 11/12/15

In re  **Jason R Harms,**
      **Michelle R Harms**
                                        Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **Unknown** <br><br>**KTVZ-TV**<br>**62990 O.B. Riley Road**<br>**Bend, OR 97701** | | J | **Business expense** | | | | **0.00** |
| Account No. **6009, 6121, 6156, 6081** <br><br>**NCR Corporation**<br>**3097 Satellite Blvd**<br>**Duluth, GA 30096** | | J | **Business debts Harms Nutrition LLC and/or Medford Nutrition LLC** | | | | **Unknown** |
| Account No. **6009, 6121, 6156, 6081** <br><br>**NCR Counterpoint**<br>**3097 Satellite Blvd**<br>**Duluth, GA 30096** | | J | **Business debts Harms Nutrition LLC and/or Medford Nutrition LLC** | | | | **Unknown** |
| Account No. **6009, 6121, 6156, 6081** <br><br>**NCR Smart Alerts**<br>**3097 Satellite Blvd**<br>**Duluth, GA 30096** | | J | **Business debts Harms Nutrition LLC and/or Medford Nutrition LLC** | | | | **Unknown** |
| Account No. **xxxxxxxxx** <br><br>**Nebraska Furniture Mart**<br>**PO Box 3456**<br>**Omaha, NE 68103** | | J | **12/2001**<br><br>**Precautionary notice only** | | | | **0.00** |

Sheet no. __**13**__ of __**18**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**0.00**

In re __Jason R Harms,__
     __Michelle R Harms__
                                                    __Debtors__

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **xxxx501-6; xxxx327-5** | | | J | **Business utility services Harms Nutrition, LLC** | | | | |
| **NW Natural Gas** **PO Box 6017** **Portland, OR 97228** | | | | | | | | **44.94** |
| Account No. **Unknown** | | | J | **Precautionary notice - business debt of Complete Nutrition, Medford Nutrition LLC** | | | | |
| **OPUS Broadcasting** **511 Rossanley Drive** **Medford, OR 97501** | | | | | | | | **Unknown** |
| Account No. **xxxxxxx4-001, 002, 003** | | | J | **7/2015** **Complete Nutrition LLC - business utility services** | | | | |
| **Pacific Power** **PO Box 26000** **Portland, OR 97256** | | | | | | | | **1,152.55** |
| Account No. **8079299** | | | | **Representing Pacific Power** | | | | **Notice Only** |
| **Bonneville Collections** **PO Box 150621** **Ogden, UT 84415** | | | | | | | | |
| Account No. **xxxxxxxx/xxxx2269** | | | J | **9/2015** **Consumer goods and services - precautionary notice** | | | | |
| **PacificSource Health Plans** **PO Box 7068** **Springfield, OR 97475** | | | | | | | | **0.00** |

Sheet no. __14__ of __18__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**1,197.49**

Case 15-63814-tmr7    Doc 1    Filed 11/12/15

In re    **Jason R Harms,**
      **Michelle R Harms**                                    Case No. _____

                                            Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx0147** | | | 9/2015 | | | | |
| **Paychex**<br>**1175 John Street**<br>**West Henrietta, NY 14586-9199** | | J | **Business expenses/services** | | | | 137.00 |
| Account No. **xxxx9438** | | | 4/2015 | | | | |
| **Quill.com**<br>**PO Box 37600**<br>**Philadelphia, PA 19101** | | J | **Business goods and services Complete Nutrition** | | | | 564.59 |
| Account No. **461761785-Q** | | | | | | | |
| **Receivable Mgmt Services Corp**<br>**1250 E Diehl Rd, Suite 300**<br>**PO Box 3099**<br>**Naperville, IL 60563** | | | **Representing**<br>**Quill.com** | | | | Notice Only |
| Account No. **Unknown** | | | **Business debt of Harms Nutrition LLC and/or Medford Nutrition LLC** | | | | |
| **R-2 Distribution LLC**<br>**17220 Wright Street, Suite 200**<br>**Omaha, NE 68130-4660** | | J | | | | | Unknown |
| Account No. | | | **Business debt of Complete Nutrition, Medford Nutrition LLC** | | | | |
| **Radio Medford**<br>**1438 Rossanley Dr**<br>**Medford, OR 97501** | | J | | | | | 4,994.60 |

Sheet no. __15__ of __18__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

                                 Subtotal
                          (Total of this page)      **5,696.19**

In re **Jason R Harms,**
     **Michelle R Harms**

Case No. _____

_____ ,
                        Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **x-xxxx-xxx1471**<br><br>**Republic Services #452**<br>**PO Box 78829**<br>**Phoenix, AZ 85062** | | J | | 7/2015<br><br>**Business goods and services Complete Nutrition** | | | | 111.99 |
| Account No.<br><br>**RPP Bend I, LLC**<br>**MS 34**<br>**PO Box 4300**<br>**Portland, OR 97208-4300** | | J | | **Lease regarding Medford Nutrition, LLC located at 3188 N. Hwy. 97, Bend, OR** | | | | 10,580.87 |
| Account No. **Unknown**<br><br>**Security Monster**<br>**780 Bailey Hill #2**<br>**Eugene, OR 97402** | | J | | **Business debt of Harms Nutrition LLC and/or Medford Nutrition LLC** | | | | Unknown |
| Account No. **x3449**<br><br>**SOS Alarm**<br>**3273 Biddle Road**<br>**Medford, OR 97504-4122** | | J | | 8/2015<br><br>**Complete Nutrition - business expenses/services** | | | | 66.90 |
| Account No.<br><br>**Telecheck Recovery Services, Inc.**<br>**5251 Westheimer**<br>**Houston, TX 77056** | | J | | **NOTICE PURPOSES ONLY - credit reporting agency** | | | | 0.00 |

Sheet no. __16__ of __18__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

10,759.76

In re  **Jason R Harms,**
       **Michelle R Harms**

Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Trans Union**<br>**PO Box 2000**<br>**Chester, PA 19022** | | J | | **NOTICE PURPOSES ONLY - credit reporting agency** | | | | **0.00** |
| Account No. **xxxxxxxxxx5208; xxxxxxxxxx1781**<br><br>**TSYS Merchant Solutions**<br>**Risk Management - Floor 22E**<br>**PO Box 3190**<br>**Omaha, NE 68103** | | J | | **2015**<br><br>**Business expenses/services - Complete Nutrition** | | | | **412.32** |
| Account No.<br><br>**US Department of The Treasury**<br>**Debt Management Services**<br>**PO Box 979101**<br>**Saint Louis, MO 63197** | | J | | **Notice only** | | | | **Unknown** |
| Account No. **xxxxxx5003; xxxxx5006; xx1253**<br><br>**US Small Business Administration**<br>**409 3rd Street, SW**<br>**Washington, DC 20416** | | J | | **Notice Only** | | | | **0.00** |
| Account No. **xxxx-xxxx-xxxx-0601**<br><br>**Wells Fargo**<br>**PO Box 348750**<br>**Sacramento, CA 95834** | | J | | **7/2015**<br><br>**Harms Nutrition, LLC - business line of credit** | | | | **50,220.09** |

Sheet no. __**17**__ of __**18**__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**50,632.41**

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

In re    **Jason R Harms,**
       **Michelle R Harms**                                   Case No. _____

                                           Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Wells Fargo - Business Accounts - Neg** <br> **PO Box 660041** <br> **Dallas, TX 75266** | | J | | | | | 0.00 |
| Account No. **xxxxxxxxxxxxXXXX** <br><br> **Wells Fargo Card Services** <br> **PO Box 14517** <br> **Des Moines, IA 50306** | | H | 7/2009 <br><br> Precautionary notice only. | | | | 0.00 |
| Account No. **xxx5991** <br><br> **Woodbolt International** <br> **3891 S. Traditions Drive** <br> **Bryan, TX 77807** | | J | 4/2015 <br><br> Business goods and services Complete Nutrition | | | | 199.20 |
| Account No. <br><br> **ZOLO Media** <br> **63090 Sherman Rd** <br> **Bend, OR 97701** | | J | Business debt of Complete Nutrition, Medford Nutrition LLC (Bend) | | | | 2,200.00 |
| Account No. <br><br> | | | | | | | |

Sheet no. **18** of **18** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)     2,399.20

Total (Report on Summary of Schedules)     433,106.75

.

In re    **Jason R Harms,**                            Case No. _____

          **Michelle R Harms**

_____,

Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Bear Creek Ventures LLC**<br>**36 Country Ln**<br>**Rolling Hills Estates, CA 90274** | **Five year Lease Agreement with Bear Creek Ventures LLC and Harms Nutrition LLC for business premises located at 1132 Biddle Road, Medford, Oregon 97504 - Lease terminated when business ceased dba 7/31/15.**<br><br>**Lease is for nonresidential real property.** |
| **Idaho Parr Corvallis LLC**<br>**5630 NW Century Blvd**<br>**Hillsboro, OR 97124** | **60-month Lease Agreement with Idaho Parr Covallis, LLC and Medford Harms LLC dba Complete Nutrition for business premises located at Bed Bath & Beyond Center, 1705 NW 9th Street, Corvallis, Oregon - Lease terminated when business ceased dba 7/31/15.**<br><br>**Lease is for nonresidential real property.** |
| **RPP Bend I, LLC**<br>**MS 34**<br>**PO Box 4300**<br>**Portland, OR 97208-4300** | **Five year and 10 month Lease Agreement with RPP Bend I, LLC and Medford Nutrition LLC for business premises located at 3188 N. Highway 97, Bend, Oregon 97701 - Lease terminated when business ceased dba 7/31/15.**<br><br>**Lease is for nonresidential real property.** |

**0**

_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

In re   **Jason R Harms,**
       **Michelle R Harms**

                                        Debtors

Case No. _____

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

    **0**
_____ continuation sheets attached to Schedule of Codebtors

Best Case Bankruptcy

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Jason R Harms** |
| Debtor 2 (Spouse, if filing) | **Michelle R Harms** |
| United States Bankruptcy Court for the: | DISTRICT OF OREGON |
| Case number (If known) | |

Check if this is:
☐ An amended filing
☐ A supplement showing post-petition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

## Official Form B 6I

# Schedule I: Your Income                                    12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**      **Describe Employment**

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed ☐ Not employed | ■ Employed ☐ Not employed |
| | Occupation | **Loan Officer** | **Loan Officer** |
| | Employer's name | **Primary Residential Mortgage** | **Primary Residential Mortgage** |
| | Employer's address | **1480 North 2200 West Salt Lake City, UT 84116** | **1480 North 2200 West Salt Lake City, UT 84116** |
| | How long employed there? | **2 months** | **2 months** |

**Part 2:**      **Give Details About Monthly Income**

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ **1,533.82** | $ **1,533.82** |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ **0.00** | +$ **0.00** |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $ **1,533.82** | $ **1,533.82** |

Case 15-63814-tmr7    Doc 1    Filed 11/12/15

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | **Copy line 4 here** ........................................................... | 4. | $   **1,533.82** | $   **1,533.82** |
| 5. | **List all payroll deductions:** | | | |
| | 5a.   **Tax, Medicare, and Social Security deductions** | 5a. | $   **115.64** | $   **319.96** |
| | 5b.   **Mandatory contributions for retirement plans** | 5b. | $   **0.00** | $   **0.00** |
| | 5c.   **Voluntary contributions for retirement plans** | 5c. | $   **0.00** | $   **0.00** |
| | 5d.   **Required repayments of retirement fund loans** | 5d. | $   **0.00** | $   **0.00** |
| | 5e.   **Insurance** | 5e. | $   **774.22** | $   **0.00** |
| | 5f.   **Domestic support obligations** | 5f. | $   **0.00** | $   **0.00** |
| | 5g.   **Union dues** | 5g. | $   **0.00** | $   **0.00** |
| | 5h.   **Other deductions.** Specify: _____ | 5h.+ | $   **0.00**   + | $   **0.00** |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $   **889.86** | $   **319.96** |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $   **643.96** | $   **1,213.86** |
| 8. | **List all other income regularly received:** | | | |
| | 8a.   **Net income from rental property and from operating a business, profession, or farm** | | | |
| |      Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $   **0.00** | $   **0.00** |
| | 8b.   **Interest and dividends** | 8b. | $   **0.00** | $   **0.00** |
| | 8c.   **Family support payments that you, a non-filing spouse, or a dependent regularly receive** | | | |
| |      Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $   **0.00** | $   **0.00** |
| | 8d.   **Unemployment compensation** | 8d. | $   **0.00** | $   **0.00** |
| | 8e.   **Social Security** | 8e. | $   **0.00** | $   **0.00** |
| | 8f.   **Other government assistance that you regularly receive** | | | |
| |      Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. | | | |
| |      Specify: _____ | 8f. | $   **0.00** | $   **0.00** |
| | 8g.   **Pension or retirement income** | 8g. | $   **0.00** | $   **0.00** |
| | 8h.   **Other monthly income.** Specify: _____ | 8h.+ | $   **0.00**   + | $   **0.00** |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $   **0.00** | $   **0.00** |
| 10. | **Calculate monthly income.** Add line 7 + line 9. | 10. | $   **643.96**   + | $   **1,213.86**   =   $   **1,857.82** |
| | Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | | | |

11. **State all other regular contributions to the expenses that you list in Schedule J.**
   Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
   Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
   Specify: _____    11.   +$   **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
   Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies    12.   $   **1,857.82**

                                                                                **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
   ☐   No.
   ■   Yes. Explain:   **Change of employment as of 8/1/2015.**

Fill in this information to identify your case:

Debtor 1      **Jason R Harms**

Debtor 2      **Michelle R Harms**
(Spouse, if filing)

United States Bankruptcy Court for the:   DISTRICT OF OREGON

Case number
(If known)   _____

Check if this is:

☐ An amended filing
☐ A supplement showing post-petition chapter 13 expenses as of the following date:

  _____
  MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

## Official Form B 6J
# Schedule J: Your Expenses                                    12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1.  **Is this a joint case?**

    ☐ No. Go to line 2.

    ■ Yes. **Does Debtor 2 live in a separate household?**

      ■ No
      ☐ Yes. Debtor 2 must file a separate Schedule J.

2.  **Do you have dependents?**   ☐ No

    Do not list Debtor 1   ■ Yes.   Fill out this information for
    and Debtor 2.                   each dependent..............

    Do not state the
    dependents' names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Daughter | 8 | ☐ No  ■ Yes |
| Daughter | 10 | ☐ No  ■ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**   ■ No   ☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

|  | Your expenses |
|---|---|

| | | |
|---|---|---:|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $ 2,297.49 |
| | If not included in line 4: | |
| 4a. | Real estate taxes | 4a. $ 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ 288.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ 0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ 0.00 |

Official Form B 6J                **Schedule J: Your Expenses**                page 1

Case 15-63814-tmr7    Doc 1    Filed 11/12/15

| | | | | | |
|---|---|---|---|---|---|
| 6. | **Utilities:** | | | | |
| | 6a. | Electricity, heat, natural gas | 6a. | $ | 100.00 |
| | 6b. | Water, sewer, garbage collection | 6b. | $ | 316.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 405.00 |
| | 6d. | Other. Specify: | 6d. | $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. | $ | 1,200.00 |
| 8. | **Childcare and children's education costs** | | 8. | $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. | $ | 150.00 |
| 10. | **Personal care products and services** | | 10. | $ | 0.00 |
| 11. | **Medical and dental expenses** | | 11. | $ | 0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. | $ | 100.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. | $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | | 14. | $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | | |
| | 15a. | Life insurance | 15a. | $ | 91.00 |
| | 15b. | Health insurance | 15b. | $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. | $ | 138.00 |
| | 15d. | Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. | $ | 0.00 |
| 17. | **Installment or lease payments:** | | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. | $ | 0.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c. | Other. Specify: | 17c. | $ | 0.00 |
| | 17d. | Other. Specify: | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).** | | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. | $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | | | |
| | 20a. | Mortgages on other property | 20a. | $ | 0.00 |
| | 20b. | Real estate taxes | 20b. | $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | **Other:** Specify: | | 21. | +$ | 0.00 |
| 22. | **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. | | 22. | $ | 5,085.49 |
| 23. | **Calculate your monthly net income.** | | | | |
| | 23a. | Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | 1,857.82 |
| | 23b. | Copy your monthly expenses from line 22 above. | 23b. | -$ | 5,085.49 |
| | 23c. | Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | -3,227.67 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☒ No.
☐ Yes.
Explain:

Case 15-63814-tmr7    Doc 1    Filed 11/12/15

# United States Bankruptcy Court
## District of Oregon

In re    **Jason R Harms**
       **Michelle R Harms**

Debtor(s)

Case No. _____

Chapter    **7**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

       I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of  **39**  sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **November 12, 2015**        Signature    **/s/ Jason R Harms**
                                                         **Jason R Harms**
                                                         Debtor

Date   **November 12, 2015**        Signature    **/s/ Michelle R Harms**
                                                         **Michelle R Harms**
                                                         Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
### District of Oregon

In re    **Jason R Harms**                                                      Case No.
      **Michelle R Harms**

                                        Debtor(s)                         Chapter       **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$4,399.25** | **2015 YTD: Primary Residential - Wife** |
| **$4,320.26** | **2015 YTD: Primary Residential - Husband** |
| **$56,450.00** | **2015 YTD: Income from LLC - Husband and Wife** |
| **$48,321.00** | **2014: Income from LCC - Husband and Wife** |
| **$315,800.00** | **2013: Income from LCC - Husband and Wife** |

## 2. Income other than from employment or operation of business

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                     SOURCE

## 3. Payments to creditors

None
☐

***Complete a. or b., as appropriate, and c.***

a.    *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Wells Fargo Home Mortgage** **PO Box 14411** **Des Moines, IA 50306** | **8/11/15 - $2,297.49** **8/13/15 - $2,297.49** **8/21/14 - $1,148.75** **9/6/15 - $1,148.74** **9/21/15 - $1,148.75** **10/6/15 - $1,148.74** | **$8,041.22** | **$309,261.20** |
| **NorthStar Mortgage, LLC** **PO Box 619063** **Dallas, TX 75261** | **9/3/15 - $300** **10/3/15 - $300** **11/3/15 - $300** | **$900.00** | **$28,628.48** |
| **US Bank** **PO Box 790415** **Saint Louis, MO 63179** | **9/7/15 - $900** **10/7/15 - $900** **11/7/15 - $900** | **$2,700.00** | **$121,413.00** |

None
■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
■  a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
■  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
■  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None
■  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
■  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Thomas A. Huntsberger, P.C.** **870 West Centennial Blvd.** **Springfield, OR 97477** | **6/19/15** **7/24/15** **8/14/15** **8/14/15** | **$540.00** **$330.00** **$1,086.25** **$2,500.00** |
| **Money Mangement International** **14141 Southwest Freeway, Suite 1000** **Sugar Land, TX 77478** | **7/21/15** | **$50** |

**10. Other transfers**

None ☐

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **10 Thousand Percent, Co.** **6301 S. 58th** **Lincoln, NE 68516** **None** | **8/28/15** | **Equipment, inventory, software, records and lists, prepaids, permits, goodwill, right to club membership, assignment of lease for location at 1705 NW 9th Street, Corvallis, Oregon for a value of $6,000 paid to First Savings Bank for release of lien against equipment and inventory of Harms Nutrition, LLC** |
| **10 Thousand Percent, Co.** **6301 S. 58th** **Lincoln, NE 68516** **None** | **9/4/15** | **Equipment, inventory, software, records and lists, prepaids, permits, goodwill, right to club membership, assignment of lease for location at 3188 N Highway 97, Suite 105, Bend, Oregon for a value of $6,000 paid to First Savings Bank for release of lien against equipment and inventory of Medford Nutrition, LLC** |
| **10 Thousand Percent, Co.** **6301 S. 58th** **Lincoln, NE 68516** **none** | **9/14/15** | **Equipment, inventory, software, records and lists, prepaids, permits, goodwill, right to club membership, assignment of lease for location at 1132 Biddle Road, Medford, Oregon for a value of $6,000 paid to First Savings Bank for release of lien against equipment and inventory of LLC** |

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **10 Thousand Percent, Co.**<br>**6301 S. 58th**<br>**Lincoln, NE 68516**<br>    **None** | **8/1/15** | **Equipment, inventory, software, records and lists, prepaids, permits, goodwill, right to club membership, assignment of lease for location at 440 Coburg Road, Suite 105, Eugene, Oregon for a value of $75,000 disbursed as follows:  $26,576 First Savings Bank First Savings Bank for release of lien against equipment and inventory of LLC, $3,776 Coburg Station, $3,896 Atty Scott Palmer, $32,202 IRS, $8,550 payroll of LLC** |

None
■    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11.  Closed financial accounts

None
☐    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **First Savings Bank**<br>**5800 S Western Avenue**<br>**Sioux Falls, SD 57108** | **Business checking account #xxx6600**<br>**Business checking account #xxx5800**<br>**Business checking account #xxx6110**<br>**Business checking account #xxx4460** | **($442.46) on or about 9/1/2015**<br>**Unknown**<br>**($306.00) on or about 9/1/2015**<br>**Unknown** |

### 12.  Safe deposit boxes

None
■    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13.  Setoffs

None
■    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14.  Property held for another person

None
■    List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

Case 15-63814-tmr7    Doc 1    Filed 11/12/15

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                          NAME USED                                          DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME AND ADDRESS                 NAME AND ADDRESS OF              DATE OF              ENVIRONMENTAL
                                      GOVERNMENTAL UNIT                NOTICE               LAW

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME AND ADDRESS                 NAME AND ADDRESS OF              DATE OF              ENVIRONMENTAL
                                      GOVERNMENTAL UNIT                NOTICE               LAW

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS OF
GOVERNMENTAL UNIT                          DOCKET NUMBER                          STATUS OR DISPOSITION

Case 15-63814-tmr7    Doc 1    Filed 11/12/15

## 18 . Nature, location and name of business

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Harms Nutrition LLC** | **27-0254352** | **440 Coburg Rd., #106 Eugene, OR 97401** | **Retail store** | **10/2009 - 7/31/15; Sold on 8/1/2015** |
| **Harms Nutrition LLC** | **27-0254352** | **1705 NW 9th Street, Suite A Corvallis, OR 97330** | **Retail Store** | **5/2011 - 7/31/2015; Sold on 8/28/15** |
| **Medford Nutrition LLC** | **45-2951832** | **1132 Biddle Road Medford, OR 97504** | **Retail store** | **12/2011 - 7/17/2015; Sold on 9/14/2015** |
| **Medford Nutrition LLC** | **45-2951832** | **3188 N US Hwy 97, #105 Bend, OR 97701** | **Retail store** | **10/2012 - 7/31/2015; Sold on 9/4/15** |

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                    ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

## 19. Books, records and financial statements

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Armitage Solutions 35 East 40th Ave Eugene, OR 97405** | **11/2009 - 7/31/2015** |
| **Bean Counter Tax Service 1293 18th Street Springfield, OR 97477** | **1/2010 - 7/31/2015** |

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|--------------------------|

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|
| **Armitage Solutions** | **35 East 40th Avenue** |
| | **Eugene, OR 97405** |

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|
| **First Savings Bank** | **4/2014** |
| **3540 South 84th Street** | |
| **Omaha, NE 68124** | |

### 20. Inventories

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|-------------------|----------------------|------------------------------------------------------------------|

None ■    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|-------------------------------------------------------|

### 21 . Current Partners, Officers, Directors and Shareholders

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|-------------------------|

None ■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|-------------------------------------------|

### 22 . Former partners, officers, directors and shareholders

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|---------------------|

None ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|----------------------|

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None
☐

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| **Harms Nutrition LLC** | **27-0254352** |
| **Medford Nutrition LLC** | **45-2951832** |

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * * *

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   **November 12, 2015**          Signature   **/s/ Jason R Harms**
                                                   **Jason R Harms**
                                                   Debtor

Date   **November 12, 2015**          Signature   **/s/ Michelle R Harms**
                                                   **Michelle R Harms**
                                                   Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF OREGON

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total Fee $335)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total Fee $310)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

## <u>Chapter 11</u>: Reorganization ($1,167 filing fee, $550 administrative fee: Total Fee $1,717)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## <u>Chapter 12</u>: Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total Fee $275)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## <u>3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials</u>

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

Case 15-63814-tmr7    Doc 1    Filed 11/12/15

# United States Bankruptcy Court
## District of Oregon

In re    **Jason R Harms**
        **Michelle R Harms** _____    Case No. _____

                             Debtor(s)    Chapter    **7** _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Jason R Harms**
**Michelle R Harms** _____    X   **/s/ Jason R Harms**      **November 12, 2015**
Printed Name(s) of Debtor(s)                     Signature of Debtor            Date

Case No. (if known) _____    X   **/s/ Michelle R Harms**    **November 12, 2015**
                                     Signature of Joint Debtor (if any)    Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.